73 So.2d 468

**STATE v. JEANE.**

**No. 41751.**

May 31, 1954.

Jack L. Simms, Leesville, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Stuart S. Kay, Dist. Atty., De Ridder, for appellee.

LE BLANC, Justice.

The defendant was charged by a bill of information filed in the Thirtieth Judicial District Court, Parish of Vernon, with having on July 20, 1953, unlawfully sold alcoholic beverages, to-wit: Beer containing more than 3.2% alcohol by weight, in Ward 4 of Vernon Parish, Louisiana, in violation of a Police Jury Ordinance adopted February 21, 1951. After trial he was found guilty by the district judge and sentenced to pay a fine of one hundred dollars and to serve thirty days in the Parish jail.

The jail sentence was suspended however, conditioned upon payment of the fine and costs and upon his good behavior for the period of one year from the date on which sentence would become effective.

Defendant appealed to this Court, the appeal being based on the alleged unconstitutionality of the ordinance under which he was convicted. The plea is based on the proposition that what was adopted by the Police Jury of Vernon Parish on February 21, 1951 was not an ordinance prohibiting the sale of beer containing more than 3.2% alcohol by weight in Ward 4 of that Parish, but merely a resolution promulgating the results of the Local Option Election held in said Ward on February 6, 1951 and, in the alternative and in the event the Court should find it to be in reality an ordinance, it is null and void in that it is repugnant to and violative of Article X, § 8 and Article IV, § 15 of the Louisiana Constitution and of Article I, § 10 of the Constitution of the United States.

In their brief counsel for the State inform the Court that the certified copy of the purported ordinance furnished by the Secretary of the Police Jury, as it appears in the transcript, does not conform with the original which appears in the permanent ordinance book of the Police Jury. They state that the error was not discovered until after the appeal had been taken when it was too late to correct the transcript and they now suggest, in the interest of justice, that the case be remanded for the purpose of receiving additional evidence to establish the correct wording of the original ordinance. Counsel for defendant, when appearing for oral argument before this Court, commendably approved the suggestion and agreed to the remand for, he stated, he was interested in seeing that justice is done in this as in every case. Subsequently, in a communication addressed to the Court, he requested that he be reserved the right to attack the ordinance that will be introduced in evidence on the remand as he did the one said to be represented by the certified copy now found in the record. Such right will be reserved to the defendant.

For the reasons stated it is ordered that this case be remanded to the district court for the purpose of receiving additional evidence to establish the correct wording of the ordinance involved in this prosecution, reserving to the defendant his right to level any attack he may deem proper thereto and urge any other defense he may wish to offer.

FOURNET, C. J., and MOISE J., absent.